**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **LESTER J. SMITH,**          : | |
|                                              : | |
|     **Plaintiff,**      : | |
|                                              : | **Civil Action** |
| v.                                          : | **No. 5:12-cv-26 (WLS)** |
|                                              : | |
| **BRIAN OWENS, Commissioner,** : | |
|                                              : | |
|     **Defendant.**      : | |
| _____ : | |

## RECOMMENDATION

Plaintiff Lester J. Smith filed this lawsuit on January 24, 2012, alleging that the shaving policy of the Georgia Department of Corrections violates his First Amendment right to free exercise of religion. The Court ordered service on Defendant on February 8, 2012. Defendant entered a waiver of service on February 21 and filed a motion to dismiss on March 12.

Since March 28, 2012, Defendant has filed 30 documents in this case, including numerous motions, briefs, affidavits, and letters in this case. These documents primarily involve claims of retaliatory conduct by officers of the prisons where Plaintiff has been incarcerated. Plaintiff has filed a Motion to "cease all retaliative practices" (Doc. 20), a Motion for Preliminary Injunction (Doc. 27), two Amended Motions for Injunctive Relief (Docs. 37, 43), and a "Consolidated Motion to Cease Retaliation Injunction" (Doc. 41). In addition to the motions seeking injunctive relief, Plaintiff has also filed a letter to the Court regarding alleged retaliation (Doc. 25), a Motion for Leave to File Supplemental Complaint (Doc. 33), a Motion for Expungement of Unlawful Conviction (Doc. 45) and a Motion for Leave to Amend Complaint (Doc. 47). For the reasons set forth below, it is hereby **RECOMMENDED** that these motions be **DENIED**.

It is further **RECOMMENDED** that Plaintiff's Motion for Judgment on the Pleadings be **DISMISSED**, as it is in substance a response to Defendant's Motion to Dismiss.[1]

**A.     Plaintiff's Motions and Filings**

   **1.     Motion to Cease All Retaliative Practices (Doc. 20)**

In his first motion, Plaintiff moves for the Court to enter an order enjoining Defendant Owens "to direct his subordinates at any institution plaintiff is at, or in the near future 'transferred' to . . . to cease all retaliative practices toward plaintiff."  Doc. 20 p. 1.  Plaintiff refers by number to thirty-seven grievances he has filed.  Without specifying the substance or recipients of those grievances, Plaintiff states that some of the issues include officials stealing Plaintiff's personal property, issuing false disciplinary reports, and assaulting Plaintiff.

   **2.     Motion for Preliminary Injunction (Doc. 27)**

Plaintiff's Motion for Preliminary Injunction alleges that Department of Corrections officials have retaliated against Plaintiff by transferring him from prison to prison, by placing him in segregation, and by forcing him to shave despite a skin condition that requires him to maintain a beard.  Plaintiff mentions Warden David Frazier and Regional Director Steve Upton by name, but does not specify what role they may have played in the alleged retaliation.

   **3.     Amended Motions for Injunctive Relief (Docs. 37, 43)**

In his first Amended Motion for Injunctive Relief (Doc. 37), Plaintiff contends that Telfair State Prison official Sam Zanders conducted an illegal cell search on April 24, 2012.  In his second Amended Motion for Injunctive Relief, Plaintiff contends that Warden David Frazier of Telfair State Prison retaliated against him by writing disciplinary reports for refusing to shave, by housing him

---

[1] Plaintiff has filed five additional responses to the Motion to Dismiss (Docs. 21, 28, 29, 31, 32).

in a shower stall, by housing him in a cell without light, and by housing him in a cell with gang members who have a known conflict with Plaintiff.

### 4. Consolidated Motion to Cease Retaliation Injunction (Doc. 41)

In his Consolidated Motion to Cease Retaliation Injunction, Plaintiff contends that an Officer Tonya Baker at Hancock State Prison stole several items of clothing and towels from Plaintiff when Plaintiff was transferred to Hancock from Valdosta State Prison. Plaintiff also contends that officials at Telfair State Prison are currently housing him in a shower stall, denying him medical treatment, and holding his legal mail.

### 5. Letter of April 5, 2012 (Doc. 25)

In a letter to the Court dated April 5, 2012, Plaintiff contends that Captain Spires at Telfair State Prison has refused to allow Plaintiff to pick up legal mail unrelated to this case and that Warden David Frazier of Telfair State Prison has ordered Plaintiff to be taken to lockdown for refusing to shave.

### 6. Motion for Leave to File Supplemental Complaint (Doc. 33)

In his Motion for Leave to File Supplemental Complaint, Plaintiff apparently seeks to supplement his complaint with allegations that he has "undergone retaliative transfers approved by defendant(s) per prison policy, by and through tacit authorization to subordinates of defendants." (Doc. 33 p. 1). Plaintiff further states that prison officials assaulted him and held his legal and religious materials for two weeks after his transfer to Ware State Prison.

### 7. Motion for Expungement of Unlawful Conviction (Doc. 45)

In his Motion for Expungement of Unlawful Conviction, Plaintiff asks the Court "to order expungement of false, retaliatory, and unlawful disciplinary convictions from defendant's subordinates at various institutions" where Plaintiff has been incarcerated. Plaintiff specifically

alleges that Captain Spires, at both Telfair State Prison and Hancock State Prison, ordered Plaintiff into segregation without provided a disciplinary hearing, in violation of Plaintiff's right to due process.

### 8. Motion for Leave to Amend Complaint (Doc. 47)

In his Motion for Leave to Amend Complaint, Plaintiff seeks to add "John Doe" parties, alleging that he was repeatedly transferred in retaliation for filing grievances. Plaintiff contends that in 2011 and 2012 he was transferred from Valdosta State Prison to Hancock State Prison to Ware State Prison to Telfair State Prison.

### 9. Letters of May 23, 2012 (Docs. 49, 50)

In two letters dated May 23, 2012, Plaintiff contends that officials at Telfair State Prison are tampering with his outgoing mail.

### B. Motions to Amend Complaint

The proposed amendments in Plaintiff's two motions to supplement or amend his complaint (Docs. 33, 47) fail to state a claim upon which relief may be granted. In his motions, read in connection with his various motions for injunctive relief, Plaintiff submits a laundry list of complaints and allegations about his treatment while in prison. These complaints and allegations include claims of stolen property, assaults, false disciplinary reports, withheld mail, and retaliatory transfers. The alleged incidents appear to have taken place at different facilities and to have involved different officers, some named and some unnamed. In moving to supplement or amend his complaint, Plaintiff seeks to add new claims against new parties.

Plaintiff's claims are too broad and too vague to warrant leave to amend. Although Plaintiff generally alleges that prison officials acted in retaliation for Plaintiff's frequent grievances or lawsuits, he has alleged no facts to suggest a causal connection between any of the actions and any

protected activity. His proposed amendments and various motions contain only conclusory allegations of retaliation and do not contain sufficient factual matter to state a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To allow Plaintiff to join such broad and ill-defined allegations against various named and unnamed new parties would prejudice the Defendant and would only serve to complicate and delay the resolution of this case. Accordingly, it **RECOMMENDED** that the Motion for Leave to File Supplemental Complaint (Doc. 33) and Motion for Leave to File Amended Complaint (Doc. 47 ) be **DENIED**.

**C.     Motions for Injunctive Relief**

Several of Plaintiff's motions request that the Court enter injunctive relief directing generally unnamed officials to cease unspecified acts of retaliation. These motions involve actions that are not connected to the matter involved in this case, which concerns only the shaving policy of the Georgia Department of Corrections. The officials involved in these alleged acts of retaliation are not parties to this case. Plaintiff has failed to indicate a substantial likelihood of success on the merits of his claims or to show that there is a risk of irreparable injury in the absence of injunctive relief. He has also failed to show that injunctive relief can be narrowly tailored to address the alleged actions in the least intrusive manner possible.

To obtain temporary injunctive relief, Plaintiff must demonstrate a substantial likelihood of success on the merits. Parker v. State Board of Pardons and Paroles, 275 F.3d 1032, 1035 (11th Cir. 2001). As noted above in relation to Plaintiff's motions to amend or supplement his complaint, Plaintiff's various motions contain only conclusory allegations of retaliation and do not contain sufficient factual matter to state a claim for relief that is plausible on its face. In many instances, Plaintiff has failed to identify the parties responsible for the alleged retaliation. In other instances, injunctive relief would be moot because Plaintiff is no longer incarcerated at the facility where the

retaliation is alleged to have occurred. As such, Plaintiff has not shown a substantial likelihood of success on the merits of his retaliation claims.

Plaintiff must further show "either that he will suffer, or faces a substantial likelihood that he will suffer, irreparable injury." Siegel v. LePore, 234 F.3d 1163, 1176 n. 9 (11th Cir. 2000). The asserted injury "must be neither remote nor speculative, but actual and imminent." Id. (quoting Northeastern Florida Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir.1990)). Plaintiff's various allegations of retaliatory actions – including transfers, disciplinary reports, confiscation of personal property, and assignment to uncomfortable accommodations – all relate to past actions, many at facilities where he is no longer incarcerated. He has not shown an actual and imminent likelihood of future injury. He also has not shown that any such injury would be irreparable. To the extent that Plaintiff has experienced retaliation for protected activities, he has adequate remedies at law. See Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1133 (11th Cir. 2005) ("a preliminary injunction is completely at odds with a sanction for past conduct that may be addressed by adequate remedies at law.").

Finally, Plaintiff's requests are too vague and too broad to warrant injunctive relief under the Prison Litigation Reform Act. The PLRA provides, at 18 U.S.C. § 3626, that a court may not grant prospective relief with respect to prison conditions "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Plaintiff has not specified the relief he seeks. Because Plaintiff has alleged a wide variety of retaliatory actions against a large number of people, many unnamed, at several different facilities, it would be impossible for the Court to formulate a narrowly drawn, appropriately unintrusive order.

It is therefore **RECOMMENDED** that Plaintiff's Motion to "cease all retaliative practices" (Doc. 20), a Motion for Preliminary Injunction (Doc. 27), two Amended Motions for Injunctive Relief (Docs. 37, 43), and a "Consolidated Motion to Cease Retaliation Injunction" (Doc. 41) be **DENIED**.  It is further **RECOMMENDED** that Plaintiff's "Motion for Expungement of Unlawful Conviction" (Doc. 45) be construed as an additional motion for preliminary injunctive relief, and that the motion be **DENIED** for the same reasons.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 15th day of June, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge