IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LESTER J. SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:12-CV-26 (WLS) |
| | : | |
| BRIAN OWENS, Commissioner, | : | Proceedings under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendant. | : | |
| _____ | : | |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Brian Owens. Doc. 15. In the Motion, Defendant argues that Plaintiff Lester J. Smith's complaint should be dismissed in its entirety because of Plaintiff's abuse of the judicial process and his failure to state a claim upon which relief may be granted. Id. For the reasons stated below, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **DENIED** as to Plaintiff's claim for injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*., and **GRANTED** as to all other claims, including claims under 42 U.S.C. § 1983 and claims under state law.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Lester J. Smith, who is proceeding *in forma pauperis* in the above-styled case, is currently an inmate at Georgia State Prison in Reidsville, Georgia. On January 24, 2012, Plaintiff filed his complaint pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*., and 42 U.S.C. § 1983 against Defendant Brian Owens, the Commissioner of the Georgia Department of Corrections, in his official and individual

capacities. Doc. 1.[1] In the complaint, Plaintiff alleges that he is a "sincere practicing Muslim" and that "cutting of the beard is against a command from God in Al-Islam." Id. at 4. According to Plaintiff, the "outdated" grooming policy of the Georgia Department of Corrections, which provides that "goatees, beards, and similar facial adornments are prohibited, unless medically indicated," violates his rights under RLUIPA, the First Amendment of the United States Constitution, and Article I, Section I, Paragraphs III and IV of the Georgia Constitution. Id. at 5. In relief, Plaintiff seeks: (1) an award for nominal damages in the amount of $1,500 against Defendant, (2) an injunction requiring Defendant to revise the grooming policy that prevents growing beards for religious purposes, and (3) any other relief to which he may be entitled. Id.

In his Motion to Dismiss, Defendant argues that: (1) Plaintiff abused the judicial process by failing to fully disclose his prior litigation history; (2) Plaintiff's RLUIPA claims should be dismissed; (3) Plaintiff's Section 1983 claims should be dismissed; and (4) the Court lacks jurisdiction over Plaintiff's state law claims. Doc. 15-1. Among the more than forty notices, letters, affidavits, and other pleadings filed by Plaintiff since Defendant filed his Motion to Dismiss, Plaintiff specifically responded to the Motion to Dismiss in eight separate pleadings. Docs. 21, 28, 29, 31, 32, 46, 52, 68. Defendant twice replied to Plaintiff's responses concerning the Motion to Dismiss. Docs. 23, 67.

DISCUSSION

Although Plaintiff states a valid claim for injunctive relief under RLUIPA, Plaintiff fails to state a cognizable claim under Section 1983. Plaintiff's failure to disclose a prior lawsuit in his complaint does not amount to an abuse of judicial process warranting dismissal. Because Plaintiff fails to allege any state law claims, it is unnecessary to resolve whether the Court lacks jurisdiction to review state law claims under the Eleventh Amendment.

---

[1] When Plaintiff filed his complaint, he was an inmate at Hancock State Prison in Sparta, Georgia.

A.      Abuse of Process

Although the record indicates that Plaintiff failed to disclose a prior lawsuit on his original complaint, his omission does not warrant dismissal in this case. "A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997). A plaintiff's providing the Court with incomplete information about prior litigation history is, in and of itself, a valid ground for dismissing the complaint without prejudice for abuse of the judicial process. See Redmon v. Lake County Sheriff's Office, 414 Fed. Appx. 221, 226 (11th Cir. 2011); see also Hood v. Tompkins, 197 Fed. Appx. 818, 819 (11th Cir. 2006). Additionally, the Court may impose sanctions if a party knowingly files a pleading that contains false or misleading representations. Fed. R. Civ. P. 11(c).  The circumstances of this case do not support a conclusion that Plaintiff's omission was in bad faith or a manipulative tactic.

Defendant contends that Plaintiff's complaint should be dismissed for abusing the judicial process because Plaintiff failed to disclose his prior litigation history completely on the Court's standard questionnaire for prisoners proceeding *in forma pauperis* under 42 U.S.C. § 1983. On the questionnaire, Plaintiff answered "yes" when asked whether he had filed other lawsuits in federal court while incarcerated in any institution. Plaintiff reported that he filed one lawsuit in the Superior Court of Butts County under docket number 11-ID-4 and another lawsuit in the Southern District of Georgia under docket number 3:11-CV-44. According to Defendant, Plaintiff's statements are dishonest because Plaintiff failed to disclose other previously filed lawsuits, including one lawsuit that Plaintiff filed in the Middle District of Georgia thirteen days before he filed this case. See Smith v. Humphrey, 5:12-CV-15 (MTT) (M.D. Ga.).

3

It is undisputed that Plaintiff failed to disclose his entire litigation history on the questionnaire when he did not list the lawsuit that he filed in the Middle District of Georgia thirteen days before he filed this case. In subsequent filings, Plaintiff characterized his failure to disclose this previously filed lawsuit as a "mere mistake," and Plaintiff emphasized that "in no way form or fashion" did he intend to provide "false testimony." Doc. 31. After reviewing the record and considering Plaintiff's explanation, it appears that Plaintiff's omission amounts to mere oversight rather than "bad faith litigiousness or manipulative tactics." Attwood, 105 F.3d at 613. Consequently, the Motion to Dismiss for abuse of process should be denied. Even so, in light of Plaintiff's prolific filings in this case and other pending cases,[2] Plaintiff is reminded of his responsibility under the Rule 11 of the Federal Rules of Civil Procedure to refrain from filing frivolous, procedurally improper, or repetitive motions.

B.      Legal Standards to Dismiss for Failure to State a Claim

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and the Court must construe the facts in the light most favorable to the plaintiff. Lopez v. Target Corp., 676 F.3d 1230, 1232 (11th Cir. 2012). The Court, however, is not bound to accept as true "'a legal conclusion couched as a factual

---

[2] See e.g., Smith v. Humphrey, 5:12-CV-15 (MTT) (M.D. Ga.).

allegation.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555. It is well-established that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679, citing Twombly, 550 U.S. at 556. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

C.    Plaintiff's RLUIPA Claims

At this early stage of the proceedings, the allegations in Plaintiff's complaint adequately state a valid RLUIPA claim concerning whether the grooming policy of the Georgia Department of Corrections unduly burdens Plaintiff's ability to freely exercise his religion insofar as it prevents Plaintiff from growing a beard for religious purposes. Even so, to the extent that Plaintiff is attempting to pursue a RLUIPA claim against Defendant in his individual capacity and to the extent that Plaintiff is attempting to recover monetary damages under RLUIPA, these aspects of Plaintiff's RLUIPA claims must be dismissed.

Congress enacted RLUIPA, in part, "[t]o secure redress for inmates who encountered undue barriers to their religious observances." Cutter v. Wilkinson, 544 U.S. 709, 716-717 (2005). Under RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, [...] unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). To establish a prima facie case under RLUIPA, "a plaintiff must demonstrate (1) that he engaged in a religious exercise; and (2) that the religious exercise was substantially burdened." Smith v. Allen, 502 F.3d 1255, 1276 (11th Cir. 2007), abrogated on other grounds by Sossamon v. Texas, ___ U.S. ___, 131 S.Ct. 1651

5

(2011). "If the plaintiff succeeds in demonstrating a prima facie case, the government must then demonstrate that the challenged government action 'is in furtherance of a compelling governmental interest' and 'is the least restrictive means of furthering that compelling governmental interest.'" Id., quoting 42 U.S.C. §§ 2000cc–1(a), 2000cc–2(b).

For purposes of this Motion, Defendant concedes that the grooming policy substantially burdens Plaintiff's religious exercise. Nevertheless, Defendant contends that Plaintiff's complaint should be dismissed because the grooming policy "has already been examined under identical claims and found to be the least restrictive means for achieving a compelling government interest" in Daker v. Wetherington, 469 F. Supp. 2d 1231 (N.D. Ga. 2007) and Harris v. Chapman, 97 F.3d 499 (11th Cir. 1996). Doc. 15-1 at 4-5. In a subsequent filing (Doc. 67), Defendant also identified a recent unpublished Eleventh Circuit decision, which concluded that "[t]he district court did not abuse its discretion by dismissing [Plaintiff's] RLUIPA claim for failure to state a claim because, even assuming the facts alleged in the complaint were true, [Harris v. Chapman, 97 F.3d 499 (11th Cir. 1996)] foreclosed his claim." Muhammad v. Sapp, 2012 WL 5359235 at 2 (11th Cir. 2012).

None of the cases identified by Defendant necessitates the dismissal of Plaintiff's RLUIPA claim without further factual development. To the contrary, in almost all of the cases cited by Defendant, the courts permitted additional development of the facts before resolving the RLUIPA claims. For example, the district court in Daker analyzed the RLUIPA claim concerning the grooming policy of the Georgia Department of Corrections on cross-motions for summary judgment, and not on a motion to dismiss for failure to state a claim, even though the plaintiff in Daker had raised virtually identical arguments about the grooming policy in a prior case. See Daker, 469 F. Supp. 2d at 1237-1238; see also Benning v. Georgia, 845 F. Supp. 2d

1372, 1374-1375 (M.D. Ga. 2012) (analyzing the plaintiff's RLUIPA claim on cross-motions for summary judgment). Similarly, in <u>Harris</u>, the Eleventh Circuit reviewed the grooming policy of the Florida Department of Corrections after the district court granted the defendants' motion for summary judgment regarding the plaintiff's claim under the First Amendment and the district court denied the plaintiff's motion to reinstate his First Amendment claim under the Religious Freedom and Restoration Act. See <u>Harris</u>, 97 F.3d at 502-503.

Although Defendant correctly notes that the Eleventh Circuit in <u>Muhammad</u> determined that the district court did not abuse its discretion by dismissing the RLUIPA claim for failure to state a claim because <u>Harris</u> effectively foreclosed the plaintiff's claim about the grooming policy of the Florida Department of Corrections, Defendant does not identify any case in which the Eleventh Circuit reached a similar conclusion about the dismissal of the plaintiff's RLUIPA claim for failure to state a claim about the grooming policy of the Georgia Department of Corrections. Additionally, it is instructive that when the Eleventh Circuit addressed a class of inmates' RLUIPA claims about the grooming policy of the Alabama Department of Corrections, the Eleventh Circuit reversed the district court's order granting summary judgment to the defendants on the hair-length restriction claims, concluding that genuine issues of material fact remained about whether "the defendants' total ban on the wearing of long hair and denial of an exemption to the plaintiffs based on their Native American religion is 'the least restrictive means of furthering [the defendants'] compelling governmental interest[s]' in security, discipline, hygiene and safety within the prisons and in the public's safety in the event of escapes and alteration of appearances." <u>Lathan v. Thompson</u>, 251 Fed. Appx. 665, 667 (11th Cir. 2007), citing 42 U.S.C. § 2000cc–1(a)(2). Therefore, after reviewing the cases cited by Defendant and

the other relevant case law in this Circuit, it appears that Plaintiff's RLUIPA claim should be permitted to proceed for further factual development.

Because Defendant concedes that Plaintiff's complaint states a prima facie RLUIPA claim for purposes of this Motion, and because none of the cases identified by Defendant mandate the dismissal of Plaintiff's RLUIPA claim without further factual development, the allegations in Plaintiff's complaint adequately state a plausible claim for relief under RLUIPA.

Although Plaintiff has stated a plausible claim under RLUIPA, this action must be limited to a claim for injunctive relief against Defendant in his official capacity. Insofar as Plaintiff is attempting to bring a RLUIPA claim against Defendant in his individual capacity, Plaintiff's claim fails because RLUIPA "cannot be construed as creating a private action against individual defendants for monetary damages." Smith, 502 F.3d at 1275. Insofar as Plaintiff is attempting to recover monetary damages from Defendant under RLUIPA, Plaintiff's claim fails because the Supreme Court has held that RLUIPA "does not include suits for damages against the State." Sossamon, ___ U.S. at ___, 131 S.Ct. at 1660.

Beyond these exceptions, Plaintiff may proceed with his RLUIPA claim seeking injunctive relief against Defendant in his official capacity because RLUIPA "creates an express private cause of action for injunctive and declaratory relief against the government, which includes '[s]tates, counties, municipalities, their instrumentalities and officers, and persons acting under color of state law.'" Gardner v. Riska, 444 Fed. Appx. 353, 355 (11th Cir. 2011), quoting Sossamon, ___ U.S. at ___, 131 S.Ct. at 1656. Additionally, it is unnecessary for the Court to address whether Plaintiff may proceed with his RLUIPA claim seeking nominal damages because Plaintiff expressly waived his request for nominal damages under RLUIPA in a subsequent filing. Doc. 21 at 5. Consequently, the Motion to Dismiss for failure to state a claim

under RLUIPA should be granted only insofar as Plaintiff is attempting to bring a RLUIPA claim against Defendant in his individual capacity and insofar as Plaintiff is seeking monetary damages against Defendant in his individual or official capacities under RLUIPA. In all other respects, the Motion to Dismiss for failure to state a claim under RLUIPA should be denied.

D.    Plaintiff's Section 1983 Claims

To the extent that Plaintiff is attempting to bring a Section 1983 claim against Defendant in his official capacity, his claim must be dismissed, and to the extent that Plaintiff is attempting to bring a Section 1983 claim against Defendant in his individual capacity, Defendant is entitled to qualified immunity. As such, Plaintiff fails to state a cognizable claim upon which relief may be granted under Section 1983.

1.    Section 1983 Claim against Defendant in his Individual Capacity

Defendant is entitled to qualified immunity with respect to Plaintiff's Section 1983 claim against Defendant in his individual capacity, because Plaintiff has failed to show that the alleged policy was in violation of clearly established law. "Qualified immunity protects government officials performing discretionary functions from civil trials [...] and from liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Santamorena v. Georgia Military College, 147 F.3d 1337, 1339-1340 (11th Cir. 1998) (internal quotations and citations omitted). Stated another way, qualified immunity "offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Oliver v. Fiorino, 586 F.3d 898, 904 (11th Cir. 2009) (internal quotations and citations omitted).

A government official acting within the scope of his discretionary authority is entitled to qualified immunity "unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was 'clearly established' at the time of the incident." Oliver, 586 F.3d at 905. Courts need not consider the two prongs of the qualified immunity analysis in sequence, and a failure to establish either prong requires the claim to be dismissed. Id., citing Pearson v. Callahan, 555 U.S. 223, 236 (2009).

The allegations in Plaintiff's complaint may be construed to establish a constitutional violation.  Inmates retain the First Amendment right to free exercise of their religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Nonetheless, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights[.]" Id. "The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives-including deterrence of crime, rehabilitation of prisoners, and institutional security." Id. "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

"To determine whether a prison policy is reasonable, a district court must determine (1) whether there is a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forth to justify the regulation; (2) whether, under the restriction imposed, a prisoner has alternative means for exercising the asserted constitutional right; (3) the impact that accommodating the asserted constitutional right will have on prison staff, inmates, and the allocation of prison resources; and (4) whether the regulation in question is an 'exaggerated response' to prison concerns." Boxer X v. Donald, 169 Fed. Appx. 555, 559–560

(11th Cir. 2006), quoting Turner, 482 U.S. at 89–91; see also Hakim v. Hicks, 223 F.3d 1244, 1247–1248 (11th Cir. 2000).

After analyzing the four factors set forth in Turner, and liberally construing the allegations in Plaintiff's complaint, Plaintiff arguably could prove some set of facts that would entitle him to relief against Defendant in his individual capacity with further factual development. In his complaint, Plaintiff alleges that "there is absolutely not a penological legitimate security reason for this unconstitutional policy." Doc. 1 at 5. Plaintiff also alleges that "Georgia Department of Corrections Commissioner Brian Owens has a longstanding policy prohibiting myself and the Muslim community [from] practic[ing] our religion as the First Amendment provides" in an attachment to his complaint. Doc. 1-1 at 2. Defendant contends that the grooming policy is necessary for prison safety, but further inquiry is necessary to determine the impact of accommodation and the reasonableness of the policy as a response to safety concerns.

Leaving aside the first prong of the qualified immunity analysis, however, Defendant is entitled to qualified immunity because the factual allegations in Plaintiff's complaint do not demonstrate that Defendant violated a clearly established constitutional right. A constitutional right can be clearly established only if "the contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violated that right." United States v. Lanier, 520 U.S. 259, 270 (1997). In this case, it is not clearly established that the Georgia Department of Corrections grooming policy, which provides that "[g]oatees, beards, and similar facial adornments are prohibited, unless medically indicated," violates the First Amendment. Plaintiff does not identify any decision of the United States Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court to demonstrate that Plaintiff had a clearly

established right under the First Amendment to grow his beard in accordance with his religious beliefs.

To the contrary, the current cases seem to indicate that the policy would be found constitutional. At least one case decided in the Northern District of Georgia indicates that the grooming policy of the Georgia Department of Corrections does not violate the First Amendment. See e.g., Daker, 469 F.Supp. 2d at 1238-1240. Because there is no clearly established law demonstrating that Defendant violated Plaintiff's First Amendment right to freely exercise his religion, Defendant is protected by qualified immunity, and insofar as Plaintiff is attempting to proceed against Defendant in his individual capacity under Section 1983, any such claim must be dismissed.

2. Section 1983 Claim Against Defendant In His Official Capacity

Plaintiff's Section 1983 claim against Defendant in his official capacity is barred by the Eleventh Amendment. The Eleventh Amendment prohibits federal courts from exercising jurisdiction over lawsuits against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity. Lassiter v. Alabama A & M University, 3 F.3d 1482, 1485 (11th Cir. 1993). Congress has not abrogated Eleventh Amendment immunity in Section 1983 cases. Carr v. City of Florence, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990). Thus, if the state has not waived its immunity, the Eleventh Amendment bars a Section 1983 lawsuit against the state. Cross v. State of Ala., 49 F.3d 1490 (11th Cir. 1995). By extension, the Eleventh Amendment also bars Section 1983 lawsuits against state officials in their official capacities, because in such cases, the state is considered to be the real party in interest since an award of damages would be paid by the state, and not the state official. Id. at 1503.

12

In this case, Defendant is protected by Eleventh Amendment immunity. Georgia specifically preserved its Eleventh Amendment immunity in the Georgia Constitution, Ga. Const. Art. 1, Sec. II, Para. IX(f), and as previously explained, official capacity defendants are not persons. Therefore, to the extent that Plaintiff is attempting to bring a Section 1983 claim against Defendant in his official capacity, any such claim is impermissible and must be dismissed.

E.   Plaintiff's State Law Claims

After carefully reviewing and liberally construing the allegations in Plaintiff's complaint, it does not appear that Plaintiff is attempting to raise any distinct state law claims. Plaintiff invokes Article I, Section I, Paragraphs III and IV of the Georgia Constitution, but the complaint contains no mention whatsoever of any distinct state law claims or any further explanation about how or why Defendant allegedly violated Plaintiff's rights under the Georgia Constitution. Doc. 1. Because Plaintiff has not sufficiently alleged any state law claims, it is unnecessary for the Court to consider whether it lacks jurisdiction to review Plaintiff's state law claims under the Eleventh Amendment.

## CONCLUSION

For the above-stated reasons, it is hereby **RECOMMENDED** that the Motion to Dismiss filed by Defendant Brian Owens (Doc. 15) be **GRANTED IN PART** and **DENIED IN PART**. It is **RECOMMENDED** that each of the following claims be **DISMISSED**: (1) Plaintiff's claim against Defendant in his individual capacity under RLUIPA, (2) Plaintiff's claim seeking monetary damages against Defendant in his official or individual capacities under RLUIPA, (3) Plaintiff's First Amendment claim against Defendant in his official capacity under Section 1983, and (4) Plaintiff's First Amendment claim against Defendant in his individual capacity under

Section 1983. Additionally, it is **RECOMMENDED** that Plaintiff be allowed to move forward with his RLUIPA claim seeking injunctive relief against Defendant in his official capacity.

**IT IS FURTHER ORDERED** that the Court's prior order staying discovery in the above-styled case (Doc. 18) shall remain in effect. In a separate order entered contemporaneously with this recommendation, the parties have been directed to file additional argument related to the question of Plaintiff's standing to bring this suit.  Until the question of standing has been resolved, discovery shall continue to be stayed.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 15th day of January, 2013.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge