**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| LESTER J. SMITH, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 5:12-CV-26 (WLS) |
| BRIAN OWENS, Commissioner, | : |
| Defendant. | : |

**ORDER**

Before the Court is an Order and Recommendation from United States Magistrate Judge Charles H. Weigle (Doc. 56), filed June 15, 2012. Judge Weigle denied Plaintiff's Motion for Leave to File Supplemental Complaint (Doc. 33) and Motion for Leave to Amend Complaint (Doc. 47).[1] He also recommends denying Plaintiff's Motion to "Cease All Retaliative Practices" (Doc. 20), Motion for Preliminary Injunction (Doc. 27), two Amended Motions for Injunctive Relief (Docs. 37, 43), "Consolidated Motion to Cease Retaliation Injunction (Doc. 41), Motion for Expungement of Unlawful Conviction (Doc. 45), and Motion for Judgment on the Pleadings (Doc. 38). Plaintiff timely filed an Objection (Doc. 57). Defendant timely filed a Response to Plaintiff's Objection (Doc. 58).

Upon full consideration upon the Record and for the following reasons, the objections set forth in Plaintiff's Objection (Doc. 57) are **OVERRULED**, and United States Magistrate Judge Charles H. Weigle's June 15, 2012 Order and Recommendation (Doc. 56) is **ACCEPTED,**

---

[1] Judge Weigle recommended that the Motion for Leave to File Supplemental Complaint (Doc. 33) and Motion for Leave to Amend Complaint (Doc. 47) be denied. (Doc. 56 at 1.) Under 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain exceptions. As Plaintiff's Motion for Leave to File Supplemental Complaint (Doc. 33) and Motion for Leave to Amend Complaint (Doc. 47) do not fall under any of the exceptions set forth in 28 U.S.C. § 636(b)(1)(A), this Court will consider Judge Weigle's recommendation on these motions as an order.

1

**ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.

Accordingly, Plaintiff's Motion for Leave to File Supplemental Complaint (Doc. 33), Motion for Leave to Amend Complaint (Doc. 47), Motion to "Cease All Retaliative Practices" (Doc. 20), Motion for Preliminary Injunction (Doc. 27), two Amended Motions for Injunctive Relief (Docs. 37, 43), "Consolidated Motion to Cease Retaliation Injunction (Doc. 41), Motion for Expungement of Unlawful Conviction (Doc. 45), and Motion for Judgment on the Pleadings (Doc. 38) are all hereby **DENIED**.

I.   **PLAINTIFF'S OBJECTION TO JUNE 15, 2012 ORDER**

While Plaintiff states that he objects to Judge Weigle's Order on Plaintiff's Motion for Leave to File Supplemental Complaint (Doc. 33) and Motion for Leave to Amend Complaint (Doc. 47), Plaintiff fails to actually set forth his specific objections. The majority of his Objection as stated focuses on the Motions for Injunctive Relief.

Federal Rule of Civil Procedure 72(a) states that a "party may serve and file objections to" a Magistrate Judge's non-dispositive order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly-erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same "clearly erroneous or contrary to law" standard). Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted). The standard for overturning a magistrate judge's non-dispositive order is "a very

2

difficult one to meet." Thornton v. Mercantile Stores Co., Inc., 180 F.R.D. 437, 439 (M.D.Ala.1998) (internal quotation marks omitted).

The Court has carefully reviewed and considered Plaintiff's Objections, which were timely filed within fourteen days as required by Rule 72(a), and finds that they do not show that Judge Weigle's Order (Doc. 56) is clearly erroneous or contrary to law.  Therefore, Plaintiff's Objection (Doc. 57) to United States Magistrate Judge Charles H. Weigle's June 15, 2012 Order (Doc. 56) is **OVERRULED.**

## II.     PLAINTIFF'S OBJECTION TO JUNE 15, 2012 RECOMMENDATION

Judge Weigle recommends denying Plaintiff's Motion to "Cease All Retaliative Practices" (Doc. 20), Motion for Preliminary Injunction (Doc. 27), two Amended Motions for Injunctive Relief (Docs. 37, 43), "Consolidated Motion to Cease Retaliation Injunction (Doc. 41), Motion for Expungement of Unlawful Conviction (Doc. 45), and Motion for Judgment on the Pleadings (Doc. 38).  With respect to the Motions for Injunctive Relief (Docs. 20, 37, 43, 41, 45), Judge Weigle found that Plaintiff has failed to demonstrate a substantial likelihood of success for numerous reasons, noting that the Motions involve actions not connected to the matter in this case, contain only conclusory allegations of retaliation, fail to identify parties responsible for the alleged retaliation, are moot in some cases due to Plaintiff's departure from a facility, and are generally too vague and broad to warrant injunctive relief.  With respect to Plaintiff's Motion for Judgment on the Pleadings (Doc. 38), Judge Weigle found that the Motion should be interpreted as a Response to Defendant's Motion to Dismiss.

Plaintiff admits that "the motions involved are not connected to the actual case at hand" and that an adequate remedy at law exists.  (Doc. 57 at 3.)  On this basis alone, Plaintiff's requests for a preliminary injunction fail. See Alabama v. U.S. Army Corps of Engineers, 424

3

F.3d 1117, 1133 (11th Cir. 2005). He also asserts that he has "submitted factual evidence" that Defendant condones the retaliatory action. (Doc. 57 at 3.) He points to Judge Weigle's recitation of Plaintiff's claims to support his claim of factual evidence, but fails to address the numerous issues that Judge Weigle also set forth in the same sections about the alleged factual evidence provided.

Plaintiff then proceeds to describe yet another alleged retaliatory action to support his requests for an injunction. The filing of an objection is not the proper vehicle to make new allegations, and while district courts may consider new evidence and legal argument raised for the first time in an objection to a recommendation, they are under no obligation to do so. William v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). Even if the Court did consider the alleged retaliatory action as evidence, it does nothing to support Plaintiff's requests for a preliminary injunction. To obtain a preliminary injunction, the moving party must show (1) substantial likelihood of success, (2) irreparable harm, (3) that the balance of equities favors granting the injunction, and (4) that the public interest would not be harmed by the injunction. Mesa Air Group, Inc. v. Delta Air Lines, Inc., 573 F.3d 1124, 1127 (11th Cir. 2009) (citing BellSouth Telecomms., Inc. v. MCImetro Access Transmission Svcs., LLC, 425 F.3d 964, 968 (11th Cir. 2005)). The alleged incident related in the Objection contains only conclusory allegations of retaliation against new parties and lacks sufficient factual matter to state a claim for relief that is plausible on its face. As such, Plaintiff again fails to show a substantial likelihood of success on the merits. Accordingly, the Court finds that Plaintiff's Objection (Doc. 57) fails to rebut the legally sound findings of Judge Weigle, and is **OVERRULED**.

To the extent that Plaintiff's Objection (Doc. 57) fails to address recommendations made in Judge Weigle's Recommendation (Doc. 56), the Court finds that any objections not made thereto are **WAIVED**.

## **CONCLUSION**

Upon full consideration of the Record, the objections set forth in Plaintiff's Objection (Doc. 57) are **OVERRULED**, and United States Magistrate Judge Charles H. Weigle's June 15, 2012 Order and Recommendation (Doc. 56) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Plaintiff's Motion for Leave to File Supplemental Complaint (Doc. 33), Motion for Leave to Amend Complaint (Doc. 47), Motion to "Cease All Retaliative Practices" (Doc. 20), Motion for Preliminary Injunction (Doc. 27), two Amended Motions for Injunctive Relief (Docs. 37, 43), "Consolidated Motion to Cease Retaliation Injunction (Doc. 41), Motion for Expungement of Unlawful Conviction (Doc. 45), and Motion for Judgment on the Pleadings (Doc. 38) are all hereby **DENIED**.

**SO ORDERED**, this  14th  day of February, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**