IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LESTER J. SMITH, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 5:12-CV-26 (WLS) |
| BRIAN OWENS, Commissioner, | : |
| Defendant. | : |

### ORDER

Before the Court is a Recommendation from United States Magistrate Judge Charles H. Weigle (Doc. 77), filed January 15, 2013. Judge Weigle recommends that Defendant's Motion to Dismiss (Doc. 15) be denied as to Plaintiff's claim for injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, and granted as to all other claims, including claims under 42 U.S.C. § 1983 and claims under state law. Defendant Owens timely objected to Judge Weigle's Recommendation (Doc. 80). Plaintiff timely filed a Response to Defendant's Objection (Doc. 82).

Upon full consideration upon the Record and for the following reasons, the objections set forth in Defendant's Objection (Doc. 80) are **OVERRULED**, and United States Magistrate Judge Charles H. Weigle's January 15, 2013 Order and Recommendation (Doc. 77) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.

Accordingly, Defendant's Motion to Dismiss (Doc. 15) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's Motion to Dismiss (Doc. 15) is **GRANTED** as to Plaintiff's claim against Defendant in his individual capacity under RLUIPA, Plaintiff's claim seeking

1

monetary damages against Defendant in his official or individual capacities under RLUIPA, Plaintiff's First Amendment claim against Defendant in his official capacity under Section 1983, Plaintiff's First Amendment claim against Defendant in his individual capacity under Section 1983, and Plaintiff's state law claims. Defendant's Motion to Dismiss is **DENIED** as to Plaintiff's RLUIPA claim seeking injunctive relief against Defendant in his official capacity, and Plaintiff may move forward as to that claim alone.

## I. DEFENDANT'S OBJECTION TO JANUARY 15, 2013 RECOMMENDATION

Judge Weigle recommends that Defendant's Motion to Dismiss (Doc. 15) be denied as to Plaintiff's claim for injunctive relief under RLUIPA and granted as to all other claims, including claims under 42 U.S.C. § 1983 and claims under state law. Judge Weigle found that while Plaintiff adequately stated a claim under RLUIPA as to whether the grooming policy of the Georgia Department of Corrections unduly burdened Plaintiff's ability to freely exercise his religion, Plaintiff's claim against Defendant in his individual capacity and Plaintiff's attempt to recover monetary damages under RLUIPA must be dismissed because RLUIPA does not create a private action against individual defendants for monetary damages. (Doc. 77 at 8.) Plaintiff's Section 1983 claims were also recommended to be dismissed, as Judge Weigle found that Plaintiff's claims against Defendant in his individual capacity were barred by qualified immunity and Plaintiff's claims against Defendant in his official capacity were barred by the Eleventh Amendment. (*Id.* at 10-13.) Judge Weigle noted that as Plaintiff had not sufficiently alleged any state law claims, the Court did not need to consider whether it lacks jurisdiction to review those claims. (*Id.* at 13.) Finally, Judge Weigle found that Plaintiff's failure to disclose a prior lawsuit in his complaint was a "mere oversight" rather than "bad faith litigiousness." (*Id.* at 4.) Specifically, Judge Weigle noted that while it is undisputed that Plaintiff failed to disclose his

2

entire litigation history on the questionnaire, including a lawsuit filed in the Middle District of Georgia thirteen days before the filing of the instant case, Plaintiff did disclose a number of former lawsuits and repeatedly explained that the omission of the lawsuit was a "mere mistake." (*Id.*) On that basis, Judge Weigle recommended that Defendant's Motion to Dismiss for abuse of process should be denied. (*Id.* at 5.)

Defendant does not contest that Plaintiff stated a valid claim for injunctive relief under RLUIPA; rather, the thrust of the Objection is that Plaintiff's failure to disclose the lawsuit was not a mistake and amounts to abuse of process. (Doc. 80 at 2-4.) Specifically, Defendant argues that Plaintiff's initial explanation to the omission of the lawsuit – that "it had not yet been birthed upon the filing of this suit," – demonstrates that Plaintiff did not mistakenly omit the lawsuit.[1] (*Id.* at 3.) In his Reply, Plaintiff does not object to any part of Judge Weigle's Recommendation and again argues that the omission was the result of a "clerical oversight." (Doc. 82 at 3.)

As Judge Weigle noted, Plaintiff answered "yes" when asked whether he had filed other lawsuits in federal court, and provided the case numbers for the other lawsuits he had filed. Defendant originally alleged that Plaintiff failed to disclose three additional cases -- Case No. 4:92-CV-172, Case No. 5:12-CV-15, and Case No. II-ID-5. Case No. II-ID-5 is simply the new case number of Case No. II-ID-4, a case Plaintiff disclosed. Defendant later admitted Case No. 4:92-CV-172 was not filed by Plaintiff. Only Case No. 5:12-CV-15 was not disclosed to the Court.

Case No. 5:12-CV-15 was filed on January 11, 2012, thirteen days before the filing in the instant case. Plaintiff's Motion to Proceed *In Forma Pauperis* in Case No. 5:12-CV-15 was not granted until February 13, 2012, meaning the case was not permitted to proceed beyond the

---

[1] Defendant cites to two cases as examples of how the Eleventh Circuit's wrath descends on plaintiffs who fail to disclose previous lawsuit. However, the plaintiffs in both cases failed to disclose *any* of the previous lawsuits they had filed and are thus distinguishable from the situation in the instant case.

3

frivolity review stage until that date. In light of the situation, Plaintiff's statement that the case "had not been birthed" could reasonably be understood to mean that he did not know whether the case was proceeding at the time he filed the instant case, and thus did not think it was a "filed" case.

A review of the use of the question related to previous lawsuits is also instructive. Courts use the question to determine whether a plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). It also allows courts to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects a current action. Finally, since prisoner plaintiffs generally proceed *pro se*, the information helps the court to determine the litigation experience and familiarity of the prisoner with the legal terrain of the current action.

The Court agrees with Judge Weigle's finding that "the circumstances of this case do not support a conclusion that Plaintiff's omission was in bad faith or a manipulative tactic." (Doc. 77 at 3.) Plaintiff's answer, while preventing the court from determining whether case was connected with another action, did not stop the Court from assessing Plaintiff's status under the PLRA. Nor did the answer inhibit the Court's determination of Plaintiff's familiarity with the litigation process. The omission, in light of the status of Case No. 5:12-CV-15 at the time of the filing of the instant case and Plaintiff's disclosure of previous lawsuits, does not appear to the Court to be a sign of "bad faith litigiousness or manipulative tactics." Atwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997). Accordingly, the Court finds that Defendant's Objection (Doc. 80) fails to rebut the legally sound findings of Judge Weigle, and is **OVERRULED**. To the extent that Defendant's Objection (Doc. 80) fails to address recommendations made in Judge

4

Weigle's Recommendation (Doc. 77), the Court finds that any objections not made thereto are **WAIVED**.

## **CONCLUSION**

Upon full consideration upon the Record and for the above-stated reasons, the objections set forth in Defendant's Objection (Doc. 80) are **OVERRULED**, and United States Magistrate Judge Charles H. Weigle's January 15, 2013 Order and Recommendation (Doc. 77) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.

Accordingly, Defendant's Motion to Dismiss (Doc. 15) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's Motion to Dismiss (Doc. 15) is **GRANTED** as to Plaintiff's claim against Defendant in his individual capacity under RLUIPA, Plaintiff's claim seeking monetary damages against Defendant in his official or individual capacities under RLUIPA, Plaintiff's First Amendment claim against Defendant in his official capacity under Section 1983, Plaintiff's First Amendment claim against Defendant in his individual capacity under Section 1983, and Plaintiff's state law claims. Defendant's Motion to Dismiss is **DENIED** as to Plaintiff's RLUIPA claim seeking injunctive relief against Defendant in his official capacity, and Plaintiff may move forward as to that claim alone.

**SO ORDERED**, this  20th  day of February, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**