IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LESTER J. SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:12-CV-26 (WLS) |
| | : | |
| BRIAN OWENS, Commissioner, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendant. | : | |
| _____ | : | |

### RECOMMENDATION

Plaintiff Lester J. Smith alleges that the "outdated" grooming policy of the Georgia Department of Corrections, which provides that "goatees, beards, and similar facial adornments are prohibited, unless medically indicated," violates his rights as a "sincere practicing Muslim" under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, and 42 U.S.C. § 1983. Doc. 1. After the Court granted in part and denied in part Defendant Brian Owens' Motion to Dismiss, the only claim remaining is Plaintiff's RLUIPA claim seeking injunctive relief against Defendant in his official capacity. Docs. 77, 89.

Since executing his original complaint, Plaintiff has filed more than sixty documents in the above-styled case. Presently before the Court are the following six motions all of which were filed by Plaintiff either before or after the Court issued its order concerning Defendant's Motion to Dismiss: (1) Plaintiff's Motion for Summary Judgment (Doc. 63), (2) Plaintiff's first Motion for Injunctive Relief (Doc. 70), (3) Plaintiff's Motion to Renew All Prior Motions (Doc. 71), (4) Plaintiff's Motion to Amend (Doc. 97), (5) Plaintiff's second Motion for Injunctive Relief (Doc. 99), and (6) Plaintiff's third Motion for Injunctive Relief (Doc. 100). For the reasons stated below, it is **RECOMMENDED** that these six motions be **DENIED**.

1

DISCUSSION

A. **Plaintiff's Pending Motions**

   1. **Motion for Summary Judgment (Doc. 63)**

Plaintiff's Motion for Summary Judgment, which was filed while Defendant's Motion to Dismiss was pending before the Court, appears to be, in substance, one of Plaintiff's numerous responses to Defendant's Motion to Dismiss.[1] Nowhere in the Motion for Summary Judgment does Plaintiff discuss the relevant legal standards governing summary judgment, attach a statement of undisputed material facts, or bolster his conclusory allegations with any specific supporting facts or citations to the record. Instead, Plaintiff reiterates various arguments about the underlying merits of his Section 1983 and his RLUIPA claims. Plaintiff also includes several unsubstantiated statements in the form of legal conclusions about Section 1983 claims that the Court subsequently dismissed when it granted in part and denied in part Defendant's Motion to Dismiss. In relief, Plaintiff requests that "the Court should grant summary judgment to Plaintiff and deny Defendant's Motion to Dismiss." Doc. 63 at 6.

   2. **First Motion for Injunctive Relief (Doc. 70)**

Plaintiff's first Motion for Injunctive Relief challenges the constitutionality of certain revisions to the statewide inmate grievance procedure of the Georgia Department of Corrections. Plaintiff appends a copy of a memorandum to all inmates from Warden Bruce Chapman, which states in pertinent part that "[i]nmates will only be allowed to have two (2) grievances active at any time" and that "[i]f an inmate wants to submit an additional grievance, one of the two active grievances must be dropped." Doc. 70-1 at 2. According to Plaintiff, the revisions are "evidence of this unconstitutional regime." Doc. 70 at 2. Plaintiff summarily contends that "injunctive relief

---

[1] Among the many documents filed by Plaintiff after Defendant filed his Motion to Dismiss, Plaintiff specifically responded to the Motion to Dismiss in at least eight separate pleadings. Docs. 21, 28, 29, 31, 32, 46, 52, 68.

should be granted" without explaining what sort of injunctive relief he seeks or who he wishes to enjoin. Id.

3. **Motion to Renew All Prior Motions (Doc. 71)**

In Plaintiff's Motion to Renew All Prior Motions, Plaintiff not only "renews all his motions filed in this case to preserve any and all constitutional rights," but Plaintiff also "renews all of his objections to the Magistrate['s] denial of previously filed motions and all objections for the same purposes stated herein." Doc. 71 at 1. Plaintiff further reiterates his request for injunctive relief, even though he concedes that "there is an absence of irreparable harm." Id. at 2.

4. **Motion to Amend (Doc. 97)**

Plaintiff's Motion to Amend seeks leave to amend his original complaint to add two entirely new claims. The first new claim would challenge the constitutionality of recent revisions to the statewide inmate grievance procedure of the Georgia Department of Corrections. The second new claim would challenge the constitutionality of an inmate disciplinary pilot program of the Georgia Department of Corrections.

5. **Second Motion for Injunctive Relief (Doc. 99)**

Plaintiff's second Motion for Injunctive Relief challenges the legality of recent revisions to the inmate disciplinary pilot program, which Plaintiff contends "is not being administered legitimately and rubber stamping Plaintiff's documents as well as a litany of prisoners also." Doc. 99 at 1-2. Plaintiff further complains that his request to attend "Friday Jumah prayer" was denied and that he remains in segregation based on "sham reviews" by nonparty prison officials. Id. at 2-3. In relief, Plaintiff requests an injunction against Defendant "to direct his subordinates to release Plaintiff to general population." Id. at 5.

### 6. Third Motion for Injunctive Relief (Doc. 100)

Plaintiff's third Motion for Injunctive Relief contends that nonparty prison officials subject Plaintiff to "redundant" disciplinary reports, such as, disciplinary report no. 351927, in retaliation for Plaintiff filing various lawsuits against Defendant and his subordinates. Doc. 100 at 1-2. According to Plaintiff, prison officials unfairly convicted him without a thorough investigation and without adhering to the recent revisions to the inmate disciplinary pilot program. Plaintiff therefore requests that an "injunction be issued to overturn Plaintiff['s] D.R. conviction and expungement of [disciplinary] report no. 351927." Id. at 4.

### B. Plaintiff's Motion for Summary Judgment Should Be Denied.

Plaintiff's Motion for Summary Judgment (Doc. 63) should be denied as moot because it appears to be, in substance, one of Plaintiff's numerous responses to Defendant's Motion to Dismiss. Alternatively, Plaintiff's Motion for Summary Judgment should be denied because Plaintiff fails to show that he is entitled to judgment as a matter of law at this juncture.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, "conclusory allegations without specific supporting facts have no probative value." Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) (citation omitted). "[A] party seeking summary judgment always bears the initial responsibility of informing the [...] court of the basis for its motion, and identifying those portions of the [record] [...] which it believes demonstrate the absence of a genuine issue of material fact." Burger King Corp. v. E–Z Eating, 41 Corp., 572 F.3d 1306, 1313 (11th Cir. 2009) (citations omitted). Stated slightly differently, "[t]he moving party bears the burden of proving that no genuine issue of

4

material fact exists." Information Systems and Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002). "In evaluating the argument of the moving party, the district court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor." Id.

Assuming for the sake of argument that Plaintiff intended to file his Motion for Summary Judgment while Defendant's Motion to Dismiss was pending and discovery was stayed, the Court should deny Plaintiff's Motion for Summary Judgment for several reasons. First, Plaintiff's Motion for Summary Judgment included only "conclusory allegations without specific supporting facts" Leigh, 212 F.3d at 1217. Second, Plaintiff failed to attach to his Motion for Summary Judgment "a separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried," as required by Local Rule 56. Third, Plaintiff did not support his factual positions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Fourth, Plaintiff failed to satisfy his initial responsibility of informing the Court about the basis of his Motion for Summary Judgment. Burger King Corp., 572 F.3d at 1313. Consequently, Plaintiff's Motion for Summary Judgment should be denied because Plaintiff failed to show his entitlement to judgment as a matter of law at this juncture.

Consistent with the Court's prior instructions, however, Plaintiff is reminded that he may file another motion for summary judgment or other dispositive motion "no later than thirty (30) days after the close of discovery unless otherwise directed by the Court." Doc. 9 at 6.

## C. Plaintiff's Motions for Injunctive Relief Should Be Denied.

Because Plaintiff's three Motions for Injunctive Relief (Docs. 70, 99, 100) involve new claims not connected to Plaintiff's only remaining claim in this case, and because Plaintiff's three Motions for Injunctive Relief fail to satisfy the prerequisites for the issuance of a preliminary injunction, the three Motions for Injunctive Relief should be denied.

Review of the three Motions for Injunctive Relief establishes that Plaintiff is seeking injunctive relief with regard to two entirely new claims not included in his original complaint, namely—the constitutionality of recent revisions to the statewide inmate grievance procedure and the constitutionality of an inmate disciplinary pilot program—as opposed to Plaintiff's only remaining claim about whether the grooming policy of the Georgia Department of Corrections violates Plaintiff's rights as a "sincere practicing Muslim" under RLUIPA. Although Plaintiff has filed a Motion to Amend to add these two new claims, neither claim is connected to Plaintiff's only remaining RLUIPA claim against Defendant in his official capacity. Further, the Motions for Injunctive Relief largely complain about the conduct of various nonparty prison officials. In addition, the Court has not yet resolved Plaintiff's Motion to Amend.[2] As such, it appears that Plaintiff is seeking injunctive relief for matters beyond the scope of the only remaining claim before the Court.

Even if the three Motions for Injunctive Relief were connected to the only remaining claim before the Court, Plaintiff is seeking injunctive relief without establishing the following four prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). "[A] preliminary injunction is an extraordinary and drastic

---

[2] The Court, however, did deny two earlier Motions to Amend filed by Plaintiff (Docs. 33, 47). Doc. 87.

6

remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citations omitted). Plaintiff's failure to demonstrate a "substantial likelihood of success on the merits" may defeat his claim, regardless of his ability to establish the other prerequisites. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994). Similarly, "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

Plaintiff has not shown a "substantial likelihood of success on the merits" at this time. McDonald's Corp., 147 F.3d at 1306. Leaving aside the fact that Plaintiff failed to obtain the Court's leave to amend his original complaint before seeking injunctive relief with regard to two entirely new claims, Plaintiff has not yet presented sufficient proof or objective evidence that the actions or inactions of various nonparty prison officials violated his constitutional rights under Section 1983 or RLUIPA. Accordingly, Plaintiff has not "clearly established the burden of persuasion" regarding whether there is a substantial likelihood that Plaintiff will succeed on the merits. McDonald's Corp., 147 F.3d at 1306.

Plaintiff also has not shown that "irreparable injury will be suffered unless the injunction issues." Id. Plaintiff's conclusory allegations of retaliatory actions by nonparty prison officials, including, receiving disciplinary reports and remaining in segregation, all relate to past actions rather than imminent future injuries. See Siegel, 234 F.3d at 1176-1177 (citations omitted) ("[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent."); see also Church, 30 F.3d at 1337 ("Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.").

Further, to the extent that Plaintiff experienced retaliation for engaging in protected activities, he has other adequate remedies available to him. See Alabama v. U.S. Army Corps of Engineers, 424 F.3d. 1117, 1133 (11th Cir. 2005) ("[A] preliminary injunction is completely at odds with a sanction for past conduct that may be addressed by adequate remedies at law."). Consequently, Plaintiff has not "clearly established the burden of persuasion" regarding whether he will suffer irreparable injury without a preliminary injunction. McDonald's Corp., 147 F.3d at 1306.

**D.  Plaintiff's Motion to Renew All Prior Motions Should Be Denied.**

Plaintiff's Motion to Renew All Prior Motions (Doc. 71) should be denied because it is, in substance, yet another one of Plaintiff's objections (Docs. 57, 59, 61) filed in response to a prior report and recommendation (Doc. 56) addressing various earlier motions filed by Plaintiff. The Court subsequently overruled Plaintiff's objections and adopted the report and recommendation. Doc. 87. Therefore, insofar as Plaintiff attempts to broadly renew all of his prior motions and objections without providing any specific reasons that the Court's previous rulings are clearly erroneous or contrary to law, the Court should deny Plaintiff's Motion to Renew All Prior Motions for the same reasons that the Court denied Plaintiff's earlier objections.

**E.  Plaintiff's Motion to Amend Should Be Denied.**

Plaintiff's Motion to Amend Complaint (Doc. 97) should be denied. Rule 15(a) of the Federal Rules of Civil Procedure governs amended and supplemental pleadings in civil proceedings before trial. Because the period in which Plaintiff could have amended his original complaint once as a matter of course expired, Plaintiff may amend his original complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Even so, it is within the Court's discretion to deny leave to amend for undue delay, bad faith, undue prejudice, and futility of the

amendment. Garfield v. NDC Health Corp., 466 F.3d 1255, 1270 (11th Cir. 2006), quoting Foman v. Davis, 371 U.S. 178, 182 (1962).

There is no basis to conclude that justice requires granting Plaintiff leave to amend his original complaint to add two entirely new claims at this late date. Allowing Plaintiff to amend his complaint at this juncture would cause undue delay because the record establishes that this case is well over a year old, a motion to dismiss has already been ruled upon, and discovery is ongoing. Moreover, Plaintiff had ample opportunity to cure any deficiencies in his original complaint as indicated by the vast number of motions, notices, affidavits, and other pleadings filed by Plaintiff, including at least two earlier Motions to Amend. In addition, the two entirely new claims identified by Plaintiff, which address both the constitutionality of the statewide inmate grievance procedure and the constitutionality of an inmate disciplinary pilot program, do not relate to Plaintiff's only remaining claim about the grooming policy of the Georgia Department of Corrections violating Plaintiff's rights as a "sincere practicing Muslim" under RLUIPA. Finally, it is unclear whether Plaintiff's two new claims would be futile in light of the broad deference that federal courts must afford state prison officials in their day-to-day administration of prisons. As such, the Court should deny Plaintiff's Motion to Amend.

## CONCLUSION

For the above-stated reasons, it is hereby **RECOMMENDED** that the following six motions be **DENIED**: (1) Plaintiff's Motion for Summary Judgment (Doc. 63), (2) Plaintiff's first Motion for Injunctive Relief (Doc. 70), (3) Plaintiff's Motion to Renew All Prior Motions (Doc. 71), (4) Plaintiff's Motion to Amend (Doc. 97), (5) Plaintiff's second Motion for Injunctive Relief (Doc. 99), and (6) Plaintiff's third Motion for Injunctive Relief (Doc. 100).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of May, 2013.

s/ Charles H. Weigle_____<br>
Charles H. Weigle<br>
United States Magistrate Judge