IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LESTER J. SMITH,           : | | |
|     Plaintiff,     : | | |
| : | | |
| v.          : | Case No. 5:12-cv-26 (WLS) | |
| : | | |
| BRIAN OWENS, Commissioner, : | Proceedings Under 42 U.S.C. § 1983 | |
|     Defendant.   : | Before the U.S. Magistrate Judge | |
| : | | |

## RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed by Defendant Brian Owens. Doc. 114. Plaintiff Lester J. Smith alleges that the "outdated" grooming policy of the Georgia Department of Corrections, which provides that "goatees, beards, and similar facial adornments are prohibited, unless medically indicated," violates his rights as a "sincere practicing Muslim" under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, and 42 U.S.C. § 1983. Doc. 1. After the Court granted in part and denied in part Defendant's Motion to Dismiss, the only claim remaining is Plaintiff's RLUIPA claim seeking injunctive relief against Defendant in his official capacity. Docs. 77, 89. Because Plaintiff fails to demonstrate that there are genuine issues of material fact regarding his remaining RLUIPA claim, it is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.

## PROCEDURAL HISTORY

Plaintiff Lester J. Smith, who is proceeding *in forma pauperis* in the above-styled case, is currently an inmate at Georgia State Prison in Reidsville, Georgia. On January 24, 2012, Plaintiff filed his complaint against Defendant Brian Owens, the Commissioner of the Georgia Department of Corrections, in his official and individual capacities. Doc. 1.[1] In the complaint,

---

[1] When Plaintiff filed his complaint, he was an inmate at Hancock State Prison in Sparta, Georgia.

Plaintiff alleged that he is a "sincere practicing Muslim" and that "cutting of the beard is against a command from God in Al-Islam." Id. According to Plaintiff, the "outdated" grooming policy of the Georgia Department of Corrections, which provides that "goatees, beards, and similar facial adornments are prohibited, unless medically indicated," violated his rights under RLUIPA, the United States Constitution, and the Georgia Constitution. Id. In relief, Plaintiff sought: (1) an award of nominal damages against Defendant, (2) an injunction requiring Defendant to revise the grooming policy, and (3) any other relief to which he may be entitled. Id.

Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court concluded that it would be inappropriate to dismiss this case without further factual development. Doc. 9. On March 12, 2012, Defendant filed a Motion to Dismiss. Doc. 15. After the Court granted in part and denied in part Defendant's Motion to Dismiss, the only claim remaining in this case was Plaintiff's RLUIPA claim seeking injunctive relief against Defendant in his official capacity. Docs. 77, 89. On July 31, 2013, Defendant filed a Motion for Leave to File an Out-of-Time Motion for Summary Judgment and a Motion for Summary Judgment. Doc. 114. The Court granted Defendant leave to file out-of-time and ordered Plaintiff to respond to the Motion for Summary Judgment. Doc. 116. Plaintiff filed six separate pleadings in response to the Motion for Summary Judgment. Docs. 117, 118, 119, 120, 122, 123.

## FACTUAL BACKGROUND

Viewed in the light most favorable to Plaintiff, the facts of this case are as follows: Plaintiff is currently incarcerated as a close security inmate at Georgia State Prison, which is part of the Georgia Department of Corrections. Doc. 102-1. Close security inmates require the highest level of security. Id. Plaintiff also is a "sincere practicing Muslim" who believes that "cutting of the beard is against a command from God in Al-Islam." Doc. 1.

Pursuant to SOP IIB01-0011(VI)(E)(3)-(4), the Georgia Department of Corrections permits all male inmates to grow neatly trimmed mustaches that do not extend beyond the edge of the mouth but prohibits all male inmates from growing goatees, beards, and similar facial adornments unless medically indicated. Doc. 93-2. Under SOP VH46-0002, an inmate diagnosed by a clinician with pseudofolliculitis barbae is issued a shaving profile, which allows the inmate to grow and maintain a beard between 1/8 inch and 1/4 inch in length. Doc. 93-3. In addition, pursuant to SOP VA01-0008, the Georgia Department of Corrections publishes guidelines regarding the various procedures implemented to accommodate Islamic inmates who are interested in exercising their religious beliefs as Muslims. Doc. 93-5.

Because Plaintiff is an inmate for whom the growth of a beard is medically indicated, Plaintiff received a shaving profile under which he is permitted to grow and maintain a beard of 1/8 inch in length. Docs. 93-1, 93-4. According to Steve Upton, the Facilities Operation Manager of the Georgia Department of Corrections, the purposes of the grooming policy include: the promotion of security, the implementation of discipline, the encouragement of proper health and hygiene standards, the maintenance of improved sanitary conditions, and the increased safety both of those individuals inside the prison and of those individuals outside the prison in the event an inmate escapes and alters his appearance. Doc. 93-1. Plaintiff agrees that these purposes "are a concern to an extent," but Plaintiff proposes that the grooming policy be revised "to allow not only Muslims, but all inmates, to grow a beard no longer than 1/4 inch, with respect to all other religions who are required to wear a beard." Doc. 117-1.

LEGAL STANDARDS

According to Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact or that the moving party is not entitled to judgment as a matter of law. Id. at 324-326. If the evidence presented by the nonmoving party is "merely colorable" or "not significantly probative," summary judgment must be granted. Anderson, 477 U.S. at 249. In fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## DISCUSSION

Plaintiff contends that the grooming policy of the Georgia Department of Corrections, which provides that "goatees, beards, and similar facial adornments are prohibited, unless medically indicated," violates his rights as a "sincere practicing Muslim" under RLUIPA. Plaintiff, however, fails to show that any genuine issue of material fact remains regarding whether his religious exercise is substantially burdened by the grooming policy, which is necessary in order to establish a prima facie case under RLUIPA. Even if Plaintiff could show that his religious exercise was substantially burdened, Plaintiff also fails to show that any

genuine issue of material fact remains regarding whether the grooming policy furthers a compelling government interest by the least restrictive means. Accordingly, Defendant is entitled to judgment as a matter of law.

Congress enacted RLUIPA, in part, "[t]o secure redress for inmates who encountered undue barriers to their religious observances." Cutter v. Wilkinson, 544 U.S. 709, 716-717 (2005). Under RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, [...] unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). To establish a prima facie case under RLUIPA, "a plaintiff must demonstrate (1) that he engaged in a religious exercise; and (2) that the religious exercise was substantially burdened." Smith v. Allen, 502 F.3d 1255, 1276 (11th Cir. 2007), abrogated on other grounds by Sossamon v. Texas, ___ U.S. ___, 131 S.Ct. 1651 (2011). "If the plaintiff succeeds in demonstrating a prima facie case, the government must then demonstrate that the challenged government action 'is in furtherance of a compelling governmental interest' and 'is the least restrictive means of furthering that compelling governmental interest.'" Id., quoting 42 U.S.C. §§ 2000cc–1(a), 2000cc–2(b).

In this case, Defendant does not challenge whether growing a beard is central to Plaintiff's religious exercise or whether Plaintiff's religious beliefs are sincerely held. Defendant does, however, challenge whether Plaintiff's religious exercise is substantially burdened. Therefore, to create genuine issues of material fact, Plaintiff must point to specific evidence that his religious exercise is substantially burdened by the grooming policy even though it is undisputed that Plaintiff is able to grow a beard pursuant to his shaving profile. Although

5

Plaintiff summarily alleges that the grooming policy infringes on the rights of all Muslim inmates to grow beards for religious reasons in general, Plaintiff does not present any specific evidence that the grooming policy imposes a substantial burden on him in particular.

"[A] 'substantial burden' must place more than an inconvenience on religious exercise; a 'substantial burden' is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004). There is no basis to conclude that the grooming policy imposes significant pressure on Plaintiff or directly coerces him to remain clean shaven because Plaintiff is able to grow a beard in accordance with his shaving profile. As such, the facts of this case are distinguishable from other cases where the Court found that the application of the grooming policy imposed a substantial burden on a particular inmate's religious exercise. See Benning v. Georgia, 864 F.Supp.2d 1358, 1365 (M.D. Ga. 2012) (stating that the Georgia Department of Corrections essentially conceded that the complete prohibition against a Jewish inmate growing earlocks imposed a substantial burden on the exercise of that inmate's religion). Unlike the complete prohibition against earlocks in Benning, the grooming policy at issue here permits Plaintiff to grow and maintain a beard of 1/8 inch in length, albeit for medical reasons. Accordingly, Plaintiff fails to identify sufficiently specific evidence to allow the Court to conclude that genuine issues of material fact remain about whether Plaintiff faced a substantial burden resulting "from pressure that tends to force adherents to forego religious precepts or from pressure that mandates religious conduct." Midrash, 366 F.3d at 1227.

Assuming for the sake of argument that Plaintiff could present specific evidence of a substantial burden and thus establish a prima facie case under RLUIPA, Defendant is entitled to judgment as a matter of law because Defendant has shown that the grooming policy of the

6

Georgia Department of Corrections is the least restrictive means of furthering several compelling governmental interests. Despite various challenges filed by inmates under RLUIPA, the Eleventh Circuit consistently has held that grooming policies involving hair length and shaving are a viable mechanism of prison officials furthering compelling government interests by the least restrictive means. See Knight v. Thompson, 723 F.3d 1275, 1284 (11th Cir. 2013) ("Plaintiffs cannot prevail on their RLUIPA claim because the ADOC has shown that its exceptionless short-hair policy for male inmates is the least restrictive means of furthering the compelling governmental interests that we have mentioned."); see also Muhammad v. Sapp, 494 Fed. Appx. 953, 956 (11th Cir. 2012) ("[P]rison shaving regulations are enforceable under the compelling governmental interest/least restrictive means test."). Therefore, to create genuine issues of material fact, Plaintiff must present specific evidence that the grooming policy either is not in furtherance of a compelling government interest or is not the least restrictive means of furthering that interest.

Regarding the compelling government interest prong, Plaintiff cannot prevail on his RLUIPA claim because Defendant has shown that the grooming policy furthers several compelling government interests. Specifically, Defendant proffered an affidavit from Steve Upton, the Facilities Operation Manager of the Georgia Department of Corrections. Upton expressly averred that the purposes of the grooming policy include: the promotion of security, the implementation of discipline, the encouragement of proper health and hygiene standards, the maintenance of improved sanitary conditions, and the increased safety both of those individuals inside the prison and of those individuals outside the prison in the event an inmate escapes and alters his appearance. By contrast, Plaintiff failed to identify sufficiently specific evidence to discredit the purposes of the grooming policy identified by Defendant.

In a case concerning the grooming policies of the Alabama Department of Corrections, the Eleventh Circuit has recently observed that it is "beyond dispute" that a prison system has "compelling interests in security, discipline, hygiene, and safety within its prisons and in the public's safety in the event of escapes and alteration of appearances." Knight, 723 F.3d at 1283, citing Lathan v. Thompson, 251 Fed. Appx. 665, 667 (11th Cir. 2007). Because Defendant has provided the Court with uncontroverted evidence that the purposes of the grooming policy of the Georgia Department of Corrections mirror the purposes of the grooming policy of the Alabama Department of Corrections, it is similarly appropriate to conclude that the grooming policy at issue here "furthers its compelling interests in security, discipline, hygiene, and safety within its prisons and in the public's safety in the event of escapes and alteration of appearances." Knight, 723 F.3d at 1284.

As to the "least restrictive means" prong of his RLUIPA claim, Plaintiff cannot prevail because Defendant has shown that the grooming policy is the least restrictive means of furthering the Georgia Department of Corrections' compelling government interests. Defendant provided evidence that the grooming policy employs the least restrictive means to accomplish its compelling government interests. Defendant also provided evidence that prison officials are unaware of any reasonable alternatives to the grooming policy that could adequately address all of its security, discipline, hygiene, and safety concerns. In response, Plaintiff proposes that the grooming policy be revised to allow all inmates who practice religions that require beard growth be permitted to grow a beard no longer than 1/4 inch. Like the proposed alternative suggested by the plaintiffs in Knight, Plaintiff's proposed alternative does not fully address the Georgia Department of Corrections' concerns about security, discipline, hygiene, and safety. See Knight, 723 F.3d at 1284-1285. For example, Plaintiff's proposed alternative does nothing to resolve the

Georgia Department of Corrections' concerns about employing uniform grooming standards to reduce gang activity and to ensure that inmates can be identified quickly and easily by prison officials. Where, as here, Plaintiff cannot point to a less restrictive alternative that accomplishes the compelling government interests of the Georgia Department of Corrections, "[Defendant] has carried its burden on both RLUIPA prongs." Id. at 1285.

In sum, even after viewing the evidence in the record and all reasonable inferences in the light most favorable to Plaintiff, there is no specific evidence that Plaintiff's religious exercise is substantially burdened by the grooming policy or that the grooming policy furthers a compelling government interest by the least restrictive means. Therefore, Defendant is entitled to judgment as a matter of law.

## CONCLUSION

Because Plaintiff fails to demonstrate that there are any genuine issues of material fact regarding his only remaining RLUIPA claim, it is hereby **RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 114) be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom the case is assigned **within fourteen (14) days** after being served with a copy thereof.

**SO RECOMMENDED**, the 7th day of February, 2014.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge