IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LESTER J. SMITH, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 5:12-CV-26 (WLS) |
| BRIAN OWENS, Commissioner, | : |
| Defendant. | : |

**ORDER**

On February 26, 2014, the Court issued an Order adopting United States Magistrate Judge Charles H. Weigle's Recommendation to grant Defendant's Motion for Summary Judgment as to Plaintiff's claims brought pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, and 42 U.S.C. § 1983. (*See* Docs. 124 & 125.) Plaintiff filed an Objection later that same day. (*See* Doc. 127.) Judge Weigle's Recommendation, which was filed on February 7, 2014, provided Plaintiff with fourteen days to file an objection. (*See* Doc. 124.) Under the "mailbox rule," the deadline for Plaintiff to file an Objection was February 24, 2014. *See* FED. R. CIV. PRO. 6(d); M.D. GA. L.R. 6.3. Although Plaintiff's Objection was filed February 26, 2014, and is therefore not timely filed, the Court has reviewed it and finds that the assertions made therein do not change the conclusions reached by Judge Weigle or this Court. Judge Weigle's conclusion rested on the finding the Plaintiff's exercise of religion has not been substantially burdened and, even if it had, Plaintiff failed to meet his burden of demonstrating that the challenged policy is not the least restrictive means of furthering the Georgia Department of Corrections' compelling government interests established by Defendant. (*See* Doc. 124 at 5-8.)

Plaintiff claims that his case is "identical" to *Benning v. Georgia*, 884 F. Supp. 2d 1358 (M.D. Ga. May 23, 2013). (Doc. 127 at 7.) In that case, however, the plaintiff was

1

not permitted to grow earlocks.  Plaintiff does not claim that he was not permitted to grow a beard, only that the beard he is permitted to grow "does not even conform to [the] length" mandated by his religion.  (*Id.*)  However, Plaintiff has not submitted any evidence to suggest that the length to which he is permitted to grow his beard violates his religious beliefs or otherwise substantially burdens his ability to practice his religion.

Also, Plaintiff states that the compelling government interests cited by Defendant for the challenged policy are "illogical for the security measures [cited] regarding a beard for escape purposes, etc. [because] there are a plethora of alterations one can do more complex to conceal identity quickly than cutting off a beard." (*Id.* at 8.)  Although there may be other ways to change one's appearance, Defendant has nonetheless demonstrated that it has compelling government interests in the challenged policy.  Defendant's Objection does not establish that the policy is not the least restrictive means of furthering those interests.  Because his Objection did not sufficiently address Judge Weigle's reasons for granting summary judgment, Plaintiff's Objection (Doc. 127) is **OVERRULED.**

**SO ORDERED**, this  4th  day of March 2014.

/s/ W. Louis Sands  
**W. LOUIS SANDS, JUDGE**  
**UNITED STATES DISTRICT COURT**