IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **LESTER J. SMITH,** : <br> **Plaintiff,** : <br> : <br> v. : <br> **GREGORY DOZIER,** Commissioner of : <br> GDOC in his official and individual : <br> capacities, : <br> **Defendant.** : <br> _____ : | **CASE NO:** <br> **5:12-cv-26-WLS-CHW** |

## ORDER

Plaintiff's Motion for Relief in Light of the Eleventh Circuit's Mandate and Intervening Supreme Court Precedent (Doc. 277) ("Motion for Relief") was filed on March 31, 2023. Therein, Plaintiff requests the Court conduct such proceedings as are necessary and issue a final judgment in this case holding that Georgia Department of Corrections' ("GDOC" or Defendant) half-inch beard policy violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. Plaintiff further requests that the Court grant him an injunction allowing a fist-length, or in the alternative, a three-inch beard. GDOC filed its Response (Doc. 278) and Plaintiff filed a Reply (Doc. 279).

Before the Court is the Report & Recommendation (Doc. 280) ("Recommendation") filed April 28, 2023, by United States Magistrate Judge Charles H. Weigle. Therein, Judge Weigle recommends that the Court deny the Plaintiff's Motion for Relief. Judge Weigle's Recommendation provided the parties with fourteen days to file an objection. (Doc. 280 at 3.) On May 11, 2023, Plaintiff filed a timely Objection (Doc. 281) to the Recommendation.

The Recommendation is **ACCEPTED** and **ADOPTED**, as modified below and for the reasons that follow.

1

I.   **PROCEDURAL BACKGROUND**

On January 24, 2012, Plaintiff filed a *pro se* Complaint alleging that GDOC's grooming policy violated the RLUIPA, because the policy forbid inmates from growing facial hair in excess of one half-inch in length. Plaintiff asserted that the grooming policy substantially burdened the exercise of his sincerely held religious beliefs because Islam prohibits him from shaving his beard. (Doc. 1.)

On remand from the Eleventh Circuit,[1] the Court held a bench trial in this case on November 5-6, 2018, at which it determined that GDOC's policy limiting all inmates' beard length to one-half inch without any religious exemptions violates the RLUIPA. However, in reviewing GDOC's policy as applied to Plaintiff, the Court found—based on Plaintiff's history and the substantial safety concerns he presented for GDOC—that Plaintiff's request for a fully untrimmed beard was unreasonable. (Doc. 243 at 5–10). The Court determined that a compromise allowing a three-inch beard length policy was both reasonable and required due to RLUIPA's requirement that the least restrictive means be used to further a government's compelling interest. 42 U.S.C. § 2000cc–1(a)(2). On August 7, 2019, the Court entered a Bench Opinion (Doc. 243) incorporating its findings of fact and conclusions of law. Both parties appealed the Bench Opinion.

In the second appeal, the Eleventh Circuit found that this Court's "determination that it was reasonable for GDOC to conclude that allowing Plaintiff to grow an untrimmed beard would be both unmanageable and dangerous was not clearly erroneous." *Smith v. Owens*, 13 F.4th 1319, 1322 (11th Cir. 2021) [hereinafter *Smith II*]. Therefore, the Circuit affirmed that finding of the Court. The Circuit further found, however, that Plaintiff had not requested the specific compromise of being allowed to grow a three-inch length beard, and the Defendant did not have notice of the possibility of such ruling. *Id.* at 1322. Accordingly, the Circuit

---

[1] After the Court granted Defendant's first Motion for Summary Judgment, Plaintiff appealed to the Eleventh Circuit on March 6, 2014. (*See* Docs. 125 & 129.) On February 17, 2017, the Eleventh Circuit vacated and remanded this case, instructing this Court to analyze Plaintiff's RLUIPA claim in a manner consistent with the Supreme Court's decision in *Holt v. Hobbes*, 574 U.S. 352 (2015) decided subsequent to this Court's March 6, 2014 decision. *Smith v. Owens*, 848 F.3d 975, 981 (11th Cir. 2017) [hereinafter *Smith I*]. The Eleventh Circuit also appointed Plaintiff counsel who continues to represent him in this case. *Smith I*, 848 F.3d at 978.

2

vacated the portion of the Court's order declaring that GDOC's grooming policy violated RLUIPA and requiring GDOC to alter its policy to allow three-inch beards. *Id.*

The Plaintiff then filed his Motion for Relief.

## II. DISTRICT COURT'S REVIEW OF RECOMMENDATION

With respect to dispositive motions, "a [district] judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court." 28 U.S.C. § 636(b)(1)(B). A judge of the district court shall make a *de novo* determination of those portions of the recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If no timely objection is filed, the court considers the recommendation for clear error. Although Plaintiff lists three arguments in his Objection to the Recommendation, they all are variations on the argument that the Eleventh Circuit's opinion in *Smith II* is not a final adjudication of this case.

## III. ANALYSIS

In his second appeal, Plaintiff asserted that the "three-inch beard ruling [was] 'an arbitrary compromise without actual record support.'" *Smith II*, 13 F.4th at 1327. The Circuit, in vacating the portion of this Court's order allowing the three-inch beard, gave Plaintiff the relief requested in his appeal, but went on to affirm this Court's finding that GDOC's untrimmed beard policy as applied to Plaintiff was not unreasonable. Thus, putting the parties back where they were before Plaintiff filed his Complaint.

This matter is now back before this Court on Plaintiff's Motion for Relief wherein Plaintiff essentially requests the Court put back in place the very portion of its Order (Doc. 243) that Plaintiff and Defendant both appealed and which the Eleventh Circuit vacated. The Plaintiff asserts that by vacating the portion of the Court's Bench Opinion dealing with allowing a three-inch beard, the Circuit Court was remanding it back to this Court to provide Defendant with notice and for further evidentiary proceedings to develop the record on whether a three-inch beard was the least restrictive alternative. This is simply not the case.

3

First, the Circuit Court clearly affirmed this Court's determination that it was reasonable for GDOC to conclude that allowing Plaintiff to grow an untrimmed beard would be both unmanageable and dangerous. *Smith II*, 13 F.4th at 1322, 1334.

Second, the Circuit Court clearly vacated the Court's "order declaring that the GDOC's half-inch beard policy violated RLUIPA, requiring the GDOC to modify its grooming policy to allow three-inch beards for inmates qualifying for religious exemptions, and requiring the GDOC to allow Smith to grow a three-inch beard." *Id.* at 1328. To "vacate" "is to nullify or cancel; make void; invalidate <the court vacated the judgment>." VACATE, Black's Law Dictionary (11th ed. 2019). On the other hand "remand" is "[t]he act or an instance of sending something (such as a case, claim, or person) back for further action." REMAND, Black's Law Dictionary. Had the Circuit intended to vacate *and* remand this portion of the Bench Opinion to this Court, the Circuit would have clearly stated its intention as "**VACATED and REMANDED** in part" rather than **VACATED** in part."

In support of his argument that this Court is required to conduct further proceedings, that Plaintiff states: "A reviewing court will vacate a judgment in a bench trial if it is based on a [sic] either an inadequate factual basis or a flawed legal premise because the appellate court "'is a court of … review and not first view.'" (Doc. 279 at 4 (quoting *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1301, 1309 (11th Cir. 2020). However, in *Compulife Software*, the Eleventh Circuit "**AFFIRMED** in part, **VACATED** in part, and *REMANDED* for new findings of fact and conclusions of law" on specific claims. *Id.* at 1318 (bold emphasis in original) (italicized emphasis added). "We will vacate and remand a judgment resulting from a bench trial where the findings of the district court do not provide a sufficiently definite predicate for proper appellate review." *Id.* at 1301. Here, the Circuit made the very specific finding that it was improper for this Court to consider the three-inch beard compromise as it was not raised by Plaintiff (or Defendant for that matter).

Thus, the effect of the Circuit Court's decision is that Plaintiff cannot grow an untrimmed beard and GDOC's policy preventing an untrimmed beard as to Plaintiff does not violate RLUIPA. The Circuit Court declined Plaintiff's motion for rehearing, *Smith II*, No.

4

19-13520, Slip Op. (11th Cir. Dec. 29, 2021); and the Supreme Court denied certiorari, *Smith II*, 13 F.4th 1319, *cert. denied*, 143 S. Ct. 89 (2022). The record in this case is closed.

Plaintiff points to the Supreme Court's decision in *Ramirez v. Collier*, 595 U.S. 411 (2022) finding that once a plaintiff meets his initial burden of demonstrating a violation of RLUIPA, "the burden flips and the government must demonstrate that imposition of the burden on that person is the least restrictive means of furthering a compelling governmental interest." *Ramirez*, 595 U.S. at 425. Plaintiff argues that this Court should take the opportunity now to apply *Ramirez* to his case to put the burden on GDOC to show that its policy of allowing a half-inch beard is the least restrictive means of furthering GDOC's interest. *Ramirez* was decided after the Eleventh Circuit decided *Smith II*. As noted above, Plaintiff's motion for rehearing before the Eleventh Circuit and petition for certiorari before the Supreme Court were both denied. Once again, the record in this case is closed.

Finally, in his Objection, Plaintiff requests that:

> [I]f the district court is tempted to rule that a new suit is the best course of action, Smith requests that the court first analyze issue and claim preclusion to ensure that any new suit would actually be permitted, and make clear in its final judgment which matters remain open to be relitigated anew in a new suit and which matters have already been decided.

(Doc. 281 at 15) In his Objection, the Plaintiff contends that *Smith II* left open the possibility that, if this Court decides not to grant Plaintiff's Motion for Relief, Plaintiff can file a new Complaint seeking to invalidate GDOC's half-inch beard policy under RLUIPA in favor of allowing a 3-inch beard instead of an untrimmed beard. Defendant did not file a response to Plaintiff's Objection, but took the position in its Response to the Motion for Relief, that the Eleventh Circuit held, "in no uncertain terms, that GDOC's 'challenged grooming policy does not violate RLUIPA[,]'" (Doc. 278 at 7 (quoting *Smith II*)),[2] and "the question of whether the half-inch beard policy violates RLUIPA has already been resolved by the Court of Appeals, at least for purposes of this case[,]" (Doc. 278 at 11-12 n.5). This Court declines to issue an

---

[2] The Defendant did not provide a pinpoint cite to this quoted language and the closest the Court found is the Circuits statement in a footnote that: "Because we conclude that the GDOC's grooming policy does not violate RLUIPA, we need not reach the issue of whether the district court's statewide injunction requiring the GDOC to modify its grooming policy and allow any inmate with a religious exemption to grow a three-inch beard violated the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e *et seq. Smith*, 13 F.4th at 1328 n.7.

advisory opinion[3] on whether the Eleventh Circuit's decision in *Smith II* precludes Plaintiff from seeking the relief he requests in his Motion for Relief in a new case. It is Plaintiff's counsel's responsibility to advise Plaintiff of his next course of action in light of the specific rulings made by the Eleventh Circuit, namely:

> [W]e vacate the district court's order declaring that the GDOC's half-inch beard policy violated RLUIPA, requiring the GDOC to modify its grooming policy to allow three-inch beards for inmates qualifying for religious exemptions, and requiring the GDOC to allow Smith to grow a three-inch beard.

*Smith II*, 13 F.4th at 1328 (footnote omitted).

> We affirm the district court's finding that allowing Smith to grow an untrimmed beard presented safety and security risks and would be unmanageable for the GDOC. That finding was reasoned and supported by the GDOC's evidentiary showing at trial and was not clearly erroneous.

*Smith II*, 13 F.4th at 1334.

As noted by the Circuit and the Parties in their appeals, no issue regarding a three-inch beard as relief for Plaintiff was asserted by either Party. To reach that issue at this stage would require the Court to go outside the closed record. The Court declines the Plaintiff's request to do so.

## IV.   CONCLUSION

Upon full review and consideration of the record, and considering the Eleventh Circuit's Opinion and Judgment discussed above, this Court finds that Judge Weigle's Recommendation (Doc. 280) should be, and hereby is, **ACCEPTED, ADOPTED**, and made the Order of this Court for the reasons stated, findings made, and conclusions reached therein, together with the reasons stated, findings made, and conclusions reached herein. Accordingly, Plaintiff's Motion for Relief (Doc. 277) is **DENIED**, and Plaintiff's Objection to the Recommendation (Doc. 281) is **OVERRULED**.

---

[3] "'If we addressed issues that might arise, we would be rendering an advisory opinion on future conduct and events. . . .' Article III does not permit courts to issue advisory opinions." *Sirpal v. Univ. of Miami*, 509 F. App'x 924, 932 (11th Cir. 2013) (vacating only the portion of the magistrate judge's order addressing the issue of statutory tolling on a hypothetical *future* lawsuit as an impermissible advisory opinion) (quoting *BankWest, Inc. v. Baker*, 446 F.3d 1358, 1367 (11th Cir.2006)).

As to Plaintiff, GDOC's policy limiting an inmate's beard length to half-inch is not a violation of RLUIPA and is reasonable because allowing Plaintiff to grow the requested untrimmed beard would present safety and security risks and would be unmanageable for GDOC.  In view of this finding and the Eleventh Circuit's Opinion and Judgment,[4] this Court's Judgment (Doc. 244) entered August 7, 2019, was **VACATED** by the Circuit, and the Court upon the record **GRANTS** judgment in favor of GDOC and against Plaintiff.  The Clerk of Court is **DIRECTED** to enter judgment in favor of GDOC and against Plaintiff.

**SO ORDERED**, this 13th day of March 2024.

<u>/s/W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] *Smith II*, No. 19-13520 (11th Cir. Sept. 22, 2021) (ECF Nos. 78 & 79).